W. Vincent Gbady, S.
This is a proceeding to establish a lost will pursuant to the provisions of section 143 of the Surrogate’s Court Act.
A conformed copy of decedent’s will was produced by the surviving husband. This copy was given to decedent by the draftsman attorney, Alexander C. Dow, Esq., at the time the original will was executed and the copy was in the possession of decedent until her death. Under the terms of said will Albert K. Bisele, husband of the deceased, received her entire estate and was named executor thereof. The witnesses to the will were Mr. Dow, who prepared and supervised its execution, and his *174 secretary, Mary H. McGowan. Both identified the copy and testified as to the execution of the original will by the decedent in their presence in accordance with the provisions of section 21 of the Decedent Estate Law.
Mr. Dow further testified that the original will was placed in his safe and was kept there until after the death of said Emilie M. Bisele on October 23, 1951 when it was removed from the safe for the purpose of probate. However, after checking the assets of decedent with the surviving husband, it was found that all real property and bank accounts were in the joint names of decedent and Mr. Bisele. Therefore, the will was not offered for probate and only a tax proceeding was had with a copy of the will made a part thereof.
The original will was then placed in a file in Mr. Dow’s office and stored with other completed files in a room in the cellar of his office.
On September 5,1961 Albert K. Bisele, the surviving husband of decedent, and their son, Heinz H. Bisele, notified Mr. Dow that Mr. Bisele would receive certain real property in Germany by reason of the fact that he was the sole beneficiary under his wife’s will, and that it was, therefore, necessary to offer the will for probate in order to establish his right to the German property.
Upon looking for the original will Mr. Dow found that it had been destroyed by fire and water with many other files in the cellar of his office on October 3, 1959, which was almost eight years after decedent’s death in 1951.
Mr. Dow further testified that at no time was the original will out of his possession and that decedent never contacted him about changing or revoking her will.
The only parties interested in the estate are Albert K. Bisele, the surviving husband; and Heinz H. Bisele, the son of decedent, and both have appeared and consented to the probate of the copy of Emilie M. Bisele’s will, dated August 1,1951.
The court is satisfied pursuant to section 144 of the Surrogate’s Court Act that on August 1, 1951 decedent duly executed a will in accordance with the provisions of section 21 of the Decedent Estate Law, and that at the time of the execution she was fully competent to execute a will and under no restraint. The court further finds that the original will of Emilie M. Bisele executed on August 1, 1951 was in existence at the time of her death; that it was thereafter lost or destroyed by fire; that its provisions have been proven by the conformed copy thereof submitted by petitioner and identified by the subscribing witnesses, *175 which is identical to the copy filed with the tax proceeding on November 1,1951. (See Matter of Haefner, 4 Misc 2d 835.)
Said copy of decedent’s will dated August 1, 1951 will be admitted to probate as her last will and testament.